UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICKY LYNN COLE**, <br><br> Plaintiff, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION**, <br><br> Defendant. | Case No. 13-cv-01205 (CRC) |

MEMORANDUM OPINION

Ricky Lynn Cole is currently serving a 365-month sentence for interstate transportation and distribution of child pornography. In 2011, Cole filed a Freedom of Information Act ("FOIA") request for the employment and disciplinary records of a Federal Bureau of Investigation ("FBI") agent, whom Cole has accused of misconduct in connection with his prosecution. The FBI responded by neither confirming nor denying the existence of any such records. The FBI based its response on FOIA Exemptions (6) and (7)(C), stating that disclosure of any personnel records would constitute an unwarranted invasion of the agent's personal privacy. After unsuccessfully appealing the FBI's response within the Agency, Cole filed suit in this Court, asserting that the public interest in uncovering the improper conduct that he claims would be revealed in the requested record outweighs the agent's privacy interests. The FBI moved for summary judgment. Because the Court finds that Cole has failed to support his allegations of misconduct with sufficient evidence to warrant balancing the

public interest in disclosure against the privacy interests at stake, the Court will grant the FBI's motion for summary judgment.

**I.     Background**

In October 2005, a jury in the U.S. District Court for the Northern District of Texas convicted Cole of "107 counts of interstate transportation of child pornography, distribution of child obscenity, transportation of obscene matter, and aiding and abetting." United States v. Cole, 535 F. App'x 445, 446 (5th Cir. 2013). Cole was sentenced in January 2006 to a prison term of 365 months. Id. He then filed a habeas petition with the district court seeking to vacate his conviction and sentence on the grounds that his counsel was ineffective for failing to object to alleged government interference with a defense witness, Tina Cox-Cole ("Cox"). Cole v. United States, No. 5:05-CR-027-01-C, 2014 WL 1724768, at *2 (N.D. Tex. Apr. 30, 2014). After a hearing, the court found the evidence insufficient to support Cole's allegations and concluded that his motions were frivolous, without merit, and filed to delay a final resolution. Id. at *1.

In September 2011, Cole submitted a FOIA request for any records regarding complaints of misconduct, disciplinary action, and the employment status of FBI Special Agent Derek Stone, who had investigated his crimes. Cole alleges that Agent Stone "intimidated a key defense witness to scare her from testifying" at his trial, Decl. of Ricky Lynn Cole, ¶ 2 (Dec. 12, 2014), and he consequently needs the documents to "support his claim of substantial government misconduct" during his prosecution. Def.'s Stmt of Material Facts

¶ 2 (ECF No. 21-2).  Pursuant to the FBI's policy on FOIA requests seeking third-party records, the FBI issued a "Glomar response," neither confirming nor denying the existence of such records absent a privacy waiver, proof of the subject's death, "or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records."  Decl. of David M. Hardy ¶¶ 2-3, 6 (ECF No. 22-1) ("Hardy Decl.").  The FBI based its response on FOIA Exemptions 6 and 7(C), which protect from disclosure personnel and medical records, 5 U.S.C. § 552(b)(6), and records or information compiled for law enforcement purposes, production of which would constitute an "unwarranted invasion of personal privacy".  Id. § (7)(C).

Cole appealed the FBI's decision to the Office of Information Policy ("OIP"), asserting that the requested information was needed to support his claims of "innocence" and "prosecutorial misconduct, specifically substantial interference of critical defense witnesses by Special Agent Stone."  See Hardy Decl. Ex. C.  OIP affirmed the FBI's decision.  Id. Ex. E.  Cole then filed this suit.

**II.    Legal Standard**

Congress created FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny."  Am. Civil Liberties Union v. DOJ, 655 F.3d 1, 5 (D.C. Cir. 2011) (quoting Dep't of the Air Force v. Rose, 425 U.S. 352, 361 (1976)).  Despite this broad mandate, FOIA contains a set of exemptions to the general obligation to provide government records to the

3

public. 5 U.S.C. § 522(b). These exemptions are in place "to balance the public's interest in governmental transparency against the "'legitimate governmental and private interests [that] could be harmed by release of certain types of information.'" United Techs. Corp. v. Dep't of Defense, 601 F.3d 557, 559 (D.C. Cir. 2010) (quoting Critical Mass Energy Project v. Nuclear Regulatory Comm'n, 975 F.2d 871, 872 (D.C. Cir. 1992) (en banc)). Because FOIA "mandates a strong presumption in favor of disclosure," its "statutory exemptions, which are exclusive, are to be narrowly construed." Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 32 (D.C. Cir. 2002) (quotations omitted).

"FOIA cases typically and appropriately are decided on motions for summary judgment." Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). In deciding a motion for summary judgment, the Court assumes the truth of the non-movant's evidence and draws all reasonable inferences in the non-movant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The government bears the burden to establish that the claimed exemptions apply to each document for which they are invoked. Am. Civil Liberties Union v. Dep't of Defense, 628 F.3d 612, 619 (D.C. Cir. 2011). The government may satisfy this burden through declarations that describe the justifications for its withholdings in "specific detail, demonstrat[ing] that the information withheld logically falls within the claimed exemption.'" Id. The agency's affidavits will not be sufficient to warrant summary judgment if the plaintiff puts forth contrary evidence or demonstrates the agency's bad faith. Id.

**III.     Analysis**

Cole does not dispute that the requested information falls within FOIA's Exemptions 6 and 7(C). He asserts instead that Special Agent Stone engaged in "substantial misconduct" and the public interest in exposing this "government corruption" outweighs the agent's privacy interests. See Pl.'s Opp'g Mem. of P. & A. at 2-4. The Court finds that the information Cole requested is protected under Exemptions 6 and 7(C) because Cole has not demonstrated that Agent Stone's privacy interest in the requested information is outweighed by a public interest in disclosure.

A.     Glomar Response

An agency may issue a Glomar response, refusing to confirm or deny the existence of requested information under a FOIA exemption when doing so "would itself 'cause harm cognizable.'" Am. Civil Liberties Union v. CIA, 710 F.3d 422, 426 (D.C. Cir. 2013) (quoting Roth v. DOJ, 642 F.3d 1161, 1178 (D.C. Cir. 2011)) (citation omitted); accord Smith v. FBI, 663 F. Supp. 2d 1, 5 (D.D.C. 2009) (finding a Glomar response proper when confirmation of records concerning any adverse action or disciplinary reports on an FBI agent would necessarily reveal the information Exemption 6 shields). Here, the FBI based its Glomar response on two grounds. First, under FOIA Exemption 6, an agency is not required to disclose "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Second, Exemption 7(C) protects "records or information compiled for law enforcement purposes, but only to the extent that

5

the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." Id. § 552(b)(7)(C).

Although both exemptions seek to prevent unwarranted invasions of personal privacy, the scope of their protection differs. The privacy interests to be weighed under Exemption 7(C) are somewhat broader than those considered under Exemption 6 because the latter is limited to "clearly" unwarranted invasions. Beck, 997 F.2d at 1491 (citing Reporters Comm., 489 U.S. at 756). For both exemptions, the Court must balance the privacy interests against "the public interest in release of the requested information." Beck, 997 F.2d at 1491 (citing Reporters Comm., 489 U.S. at 773). The Court concludes, however, that it need not reach the step of balancing the private and public interests because Cole has not provided sufficient evidence of any public interest to be balanced.

    1.    Private Interest

There are two privacy interests protected under Exemptions 6 and 7(C). First, a government employee has "at least a minimal privacy interest in his own employment record and evaluation history." Dunkelberger v. DOJ, 906 F.2d 779, 781 (D.C. Cir. 1990) (citing Stern, 737 F.2d at 91). Additionally, each individual, including suspects, witnesses, and investigators, has a "'strong interest'" in not being associated with alleged criminal activity. Id. at 92. In his FOIA request, Cole sought "all records, information and reports relating to . . . (1) any and all complaints and accusations of misconduct reported against [Agent Stone]; [and] (2) any and all disciplinary actions taken against [Agent

6

Stone]." Compl. App. 1.  The Court finds, and Cole does not dispute, that Agent Stone has a privacy interest in the requested personnel files.  The Court must therefore assess the public interest in disclosure of those records.

2. <u>Public Interest</u>

Where the asserted public interest is disclosure of government impropriety, the requester must produce evidence "that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." <u>Nat'l Archives and Records Admin. v. Favish</u>, 541 U.S. 157, 174 (2004).  Because "[a]llegations of government misconduct are easy to allege and hard to disprove . . . courts must insist on a meaningful evidentiary showing" before ordering disclosure.  <u>Id.</u> at 175 (citation and internal quotation marks omitted).  The request must be "based on the known facts" before the court and may not rely on a "hypothetical set of facts that strengthen [the requestors] position." <u>Beck</u>, 997 F.2d at 1494.

The record before the court does not support a reasonable belief that Agent Stone engaged in misconduct in connection with Cole's prosecution.[1]  Cole claims that Agent Stone intimidated Cox into not testifying as a defense witness at trial.  The district court that presided over Cole's habeas proceeding addressed this same allegation and found insufficient evidence to support Cole's

---

[1] Cole has submitted, and Court has considered, the following materials in support of his motion: an undated extract from a deposition of Tina Cox-Cole; a letter from Cox-Cole dated October 3, 2012 and notarized November 5, 2012; and part of a notarized letter from Cole's former attorney Helen Riggett dated March 24, 2009, all attached to his complaint.  As part of his opposition to the government's motion for summary judgment, Cole included his own declaration; a letter from defense witness Patricia Garris-Shoemaker dated May 6, 2009; a notarized statement from a colleague of Tina Cox-Cole dated February 22, 2014; and the rest of the letter from Helen Riggett.

contentions. See Cole 5:05-CR-027-01-C, 2014 WL 1724768, at *8. That court held an evidentiary hearing at which Cole, his trial counsel, and Agent Stone testified. Id. At the hearing, Cole introduced a declaration from Cox stating that Agent Stone had threatened her with witness tampering and obstruction of justice charges after she provided him with a supposed letter from Cole's daughter confessing to the crimes that Cole was suspected of having committed. Id. at *7. Cole's lawyer, however, debunked Cox's declaration. Id. He testified that he had interviewed the daughter and was convinced that she had been forced to fabricate the confession. Id. The lawyer therefore advised Cole not to have Cox testify because the jury would not believe her. Id. The court also noted that during the trial, Cox had an opportunity to speak with an independent, court-appointed attorney. Id. She then decided not to testify. Id. Upon consideration of the evidence and testimony, the court found no evidence that Agent Stone's interactions with Cox caused her not to testify. Id. at *8. Rather, the court found that both Agent Stone and the trial judge advised Cox of the repercussions of perjury and witness tampering and noted that doing so did not constitute substantial interference with a defense witness. Id.

The Court recognizes that the evidentiary standard and burden of proof in the habeas court weighed against Cole. See id. at *9 (finding that Cole failed to prove by a preponderance of the evidence that he was denied effective assistance of counsel). The habeas court was guided by a "strong presumption" that counsel adequately assisted Cole and counsel's decisions were the "product of reasoned trial strategy." Id. (citing Wilkerson v. Collins, 950 F.2d 1054,

8

1065 (5th Cir. 1992)). Conversely, when the government invokes a FOIA exception, it bears the burden of establishing that the claimed exemption applies to each document for which it is invoked. Am. Civil Liberties Union, 628 F.3d at 619. And of course FOIA's "statutory exemptions, which are exclusive, are to be narrowly construed." Norton, 309 F.3d at 32.

Nevertheless, the Court finds the decision of the habeas court persuasive, and Cole presents no new evidence of government misconduct here. After reviewing all the submissions, the Court cannot identify sufficient evidence to support a reasonable belief that the Agent Stone improperly interfered Ms. Cox's potential testimony. Cole's statements that he is "filing charges of perjury, witness tampering, and obstruction of justice" in his appeal to the U.S. Court of Appeals for the Fifth Circuit, and that he expects to secure testimony from several other eyewitnesses to bolster his allegations, Pl.'s Opp'g Mem. at 4, suggest merely a hypothetical set of facts that would support Cole's position. He therefore has not met his burden of providing a "meaningful evidentiary showing" of government misconduct. Favish, 541 U.S. at 175.[2] The Court therefore finds that Cole has not set forth evidence of any public interest in the requested records.

---

[2] Cole's also alleges that Agent Stone was likely involved in the misconduct that occurred in the prosecution of U.S. Senator Ted Stevens from Alaska. Compl. at 8. He claims he received reports that Agent Stone was relocated, disciplined, and ultimately terminated as a direct result of the misconduct. Id. Yet, Cole has not provided any evidence of misconduct by Agent Stone in that case or demonstrated how such misconduct would relate to the allegations in this one.

**IV.     Conclusion**

The FBI properly refused to confirm or deny the existence of the requested personnel records because Cole had not demonstrated a public interest that outweighs the privacy interests protected under Exemptions 6 and 7(c). Accordingly, the FBI's motion for summary judgment will be granted. A separate order accompanies this Memorandum Opinion.

```
                                        _____s/_____
                                        CHRISTOPHER R. COOPER
DATE: July 31, 2015                     United States District Judge
```